IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| HARVARD PROPERTY TRUST, LLC, | : |
| Plaintiff, | : |
| v. | : |
| JOHN A. CARDILLO; RALPH GIUGLIANO; DANIEL J. CHURCH; FS2 CAPITAL PARTNERS, LLC; FB INCOME ADVISOR, LLC; DAVID ADELMAN; MICHAEL C. FORMAN; JOHN R. SHAIN; PATRICK COSMO SMITH; and WILLIAM MANCUSO | : |
| Defendants. | : NOTICE OF REMOVAL ACTION |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendants, John A. Cardillo ("Cardillo"), Ralph Giugliano ("Giugliano"), Daniel J. Church ("Church"), FS2 Capital Partners, LLC ("FS2"), FB Income Advisor, LLC ("FB"), David Adelman ("Adelman"), Michael C. Forman ("Forman"), John R. Shain ("Shain"), Patrick Cosmo Smith ("Smith") and William Mancuso ("Mancuso") (FS2, FB, Adelman, Forman, Shain, Smith and Mancuso, collectively, are referred to as the "FS2 Defendants"), hereby remove the action styled *Harvard Property Trust, LLC v. John A Cardillo, et al*, Cause No. 10-10512, In The District Court, Dallas County, G-134th Judicial District (the "State Court Action"), from the District Court Dallas County, Texas to this Court.

NOTICE OF REMOVAL – Page 1                                                            881506 v2 (72390.00002.000)

## Background

1.  Plaintiff, Harvard Property Trust ("HPT"), commenced the State Court Action by filing a petition and application for temporary and permanent injunctions ("Petition") against the defendants on August 10, 2010. A true and correct copy of the Petition is attached hereto as Exhibit 1. HPT also filed and served an application for an emergency motion for expedited discovery in support of application for temporary injunction ("Motion for Expedited Discovery"). A true and correct copy of the Motion for Expedited Discovery is attached hereto as Exhibit 2. On or about August 31, 2010, HPT filed a first amended application for temporary restraining order ("Amended Application"). A true and correct copy of the Amended Application is attached hereto as Exhibit 3. Pursuant to 28 U.S.C. § 1446(a), the Petition, Motion for Expedited Discovery and Amended Application constitute all process, pleadings and orders served upon the defendants in the State Court Action as of the filing of this Notice of Removal.

2.  HPT served the defendants with process on or after August 25, 2010. A certified copy of all pleadings, process and orders, are attached as Exhibit 4.

3.  In the Petition, HPT alleges, among other things, that Defendants Cardillo and Giugliano breached certain non-solicitation and confidentiality obligations to HPT and, as a result, HPT has suffered damages.

4.  HPT further alleges, among other things, that Giugliano, Church, and the FS2 Defendants interfered with HPT's existing contracts and caused HPT to suffer damages.

5.  Although HPT alleges that it has suffered damages, it does not allege a specific amount of damages.

6.  HPT also seeks temporary and permanent injunctive relief.

7. Given the nature of HPT's requested relief sought in this matter, defendants believe that HPT seeks damages in excess of $75,000.00.

8. Defendants will have counterclaims, which exceed $75,000.00.

**Diversity Of Citizenship Requirements Are Satisfied**

9. 28 U.S.C. § 1332(a)(1) provides:

> The district courts [of the United States] shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States.

10. The citizenship of a limited liability company is determined by the citizenship of its members. *See, e.g., Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

11. The requirements of diversity jurisdiction are met here, as follows:

    A. Plaintiff HPT is a limited liability company. Upon information and belief, the sole member of HPT is Behringer Harvard Holdings, LLC.

    B. Upon information and belief, Robert M. Behringer is the sole member of Behringer Harvard Holdings, LLC.

    C. Upon information and belief, Mr. Behringer is a citizen of the State of Texas.

    D. Defendant Cardillo is a citizen of the State of Massachusetts. (Petition, ¶3).

    E. Defendant Giugliano is a citizen of the State of New York. (Petition, ¶4).

    F. Defendant Church is a citizen of the State of North Carolina. (Petition, ¶5).

    G. Defendant FS2 is a limited liability company.

    H. The sole member of FS2 is Franklin Square Holdings, L.P.

   I. The citizenship of a limited partnership is determined by the citizenship of its partners. *See Harvey*, 542 F.3d at 1079.

   J. None of the partners (general or limited) of Franklin Square Holdings, L.P. are citizens of Texas.

   K. Indeed, the following chart contains all the partners of Franklin Square Holdings, L.P. and their citizenship:

| | | |
|---|---|---|
| Albert, S Peter & Jan | Pete Albert | Philadelphia, PA 19103 |
| Alizablake Assoc, LLC | Marc Rayfield | Villanova, PA 19085 |
| Bedwick, Allan | Allan Bedwick | Tokyo, Japan 106-0032 |
| Cobble Court Holdings, LP | Thomas Gravina | Haverford, PA 19041 |
| Cozen, Stephen | Stephen Cozen | Philadelphia, PA 19103 |
| Darco Capital LP | David Adelman | Philadelphia, PA 19103 |
| FB Capital Partners LP | Michael Forman | Philadelphia, PA 19104 |
| Feinman, Michael | Michael Feinman | Newtown Square, PA 19073 |
| Germantown Ventures LLC | Ira Lubert | Wilmington, DE 19801-1186 |
| Greenpark Investments LLC | Steve Wolfgang | Key West, FL 33040 |
| Heller, Michael | Michael Heller | Philadelphia, PA 19103 |
| Herman, Russel | Russell Herman | Rumson, NJ 07760 |
| Kramer, Steven & Cindy | Steve & Cindy Kramer | Moorestown, NJ 08057 |
| Krouse, Bradley A & Beth | Brad & Beth Krouse | Narberth, PA 19072 |
| Larson, Scott | Scott Larson | Windermere, FL 34786 |
| Latka, Mark & Brian Jorgensen | Mark Latka & Brian Jorgensen | Scottsdale, AZ 85255 |
| LEM Private Equity LP | Eric Sussman | Jenkintown, PA 19046 |
| Peterson Management, LLC | Michael Peterson | New York, NY 10019 |
| Psych Dynamics PSP | Howard Adelman | Cherry Hill, NJ 08034-2210 |
| Rosenblum Family FLP | Jeff Rosenblum | Newtown Square, PA 19073 |
| Saligman, Ira | Ira Saligman | Wayne, PA 19087 |
| Shain, John | John Shain | Wilton, CT 06897-3103 |

| | | |
|---|---|---|
| Stone, Laurence | Laurence Stone | Villanova, PA 19085 |
| Sussman, Eric & Jill | Eric & Jill Sussman | Jenkintown, PA 19046 |
| Trustee U/D/T 6/3/40 fbo Edward Robinson | | Blue Bell, PA 19422 |
| Trustee U/D/T 6/3/40 fbo Fred Robinson | | Blue Bell, PA 19422 |
| Trustee U/D/T 6/3/40 fbo Herman Robinson | | Blue Bell, PA 19422 |
| Trustee U/D/T 6/3/40 fbo Robert Robinson | | Blue Bell, PA 19422 |
| Verity Investments, LLC | Michael Fink | Conshohocken, PA 19428 |
| Weingarten, Bryan S | Bryan Weingarten | Ardmore, PA 19003 |
| WFP2LP | Warren Weiner | Villanova, PA 19085 |
| Zamalt, LLC | Craig & Sharon Altman, Rich Zamaran & Barb Elias | Blue Bell, PA 19422 |
| Anderson, Randy | Randy Anderson | Winter Park, FL 38789 |

  L. Defendant FB is a limited liability company.

  M. The members of FB are defendant Adelman, through DARCO Capital, L.P., and defendant Forman, through FB Capital Partners, L.P., and the estate of Scott Larson. As set forth above, Messrs. Forman and Adelman are citizens of Pennsylvania. Scott Larson was a citizen of Florida.

  N. HPT concedes that defendants Adelman, Forman, Shain, Smith and Mancuso are citizens of a state <u>other</u> <u>than</u> <u>Texas</u>. (Petition, ¶8).

  O. Upon information and belief, the amount in controversy, exclusive of interest, costs and counterclaims, exceeds $75,000. The permanent injunction which HPT seeks from multiple defendants seeks to prevent the defendants from hiring personnel to enhance the business of defendants and seeks damages, including attorney's fees, for breach of contract and tortious interference with a contract if plaintiff prevails and the court finds that Cardillo,

Giugliano and Church breached the agreements, the monetized value will amount to these former employees' salaries, which exceed $75,000.00. For example, the tortious interference claims alleged against Guiliano, Church and the other Defendants assert that the damages for these claims were "the loss of Guigliano and Church's employment with [Plaintiff]." *See* Exhibit 1, at para 32. As such, the damages for the tortious interference claim is the value that Guigliano and/or Church brought to HPT. Church's salary while working with HPT was based upon commission. *See* the Declaration of Daniel Church, attached hereto as Exhibit 5. Based on the amount of commission that Church received, he determined that he alone brought in more than $75,000.00 in value to HPT in the last year of his employment therewith. Because the damages sought for recovery of Church's employment with HPT far exceeds $75,000, the amount in controversy requirement of diversity is met.

P. Removing defendants are not citizens of the State of Texas in which the State Court action is brought, <u>see</u> 28 U.S.C. § 1441(b). Complete diversity of citizenship existed between the parties at the time this action commenced and on this date.

### This Notice Of Removal Has Been Timely Filed

12. 28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

13. The pleadings in this matter were transmitted to defendants on or about August 25, 2010.

14. This Notice of Removal is timely filed before the expiration of the thirty day period counting from August 25, 2010.

**Removal To This Court Is Proper**

15.     Pursuant to 28 U.S.C. § 1441(a), removal to this Court is proper as this is the district embracing the place where the State Court Action is pending.

**Notice**

16.     As required by 28 U.S.C. § 1446(d), the undersigned hereby certifies that promptly after this Notice of Removal is filed, written notice thereof shall be given to all adverse parties, and a copy of this Notice of Removal shall be filed with the clerk of the State court in which the State Court Action is pending.

WHEREFORE, removal of this action from State court to this Court is proper under 28 U.S.C. §§ 1332, 1441 and 1446.

Dated: September 15, 2010

**KANE RUSSELL COLEMAN & LOGAN PC**

By: _/s/ Arthur V. Lambert___
    Arthur V. Lambert, Esq.
    State Bar No. 11841250
    alambert@krcl.com
    Richard L. Hathaway
    State Bar No. 24032278

    3700 Thanksgiving Tower
    1601 Elm Street
    Dallas, Texas 75201
    Telephone (214) 777-4204
    Facsimile (214) 777-4299

    ATTORNEYS FOR DEFENDANTS

OF COUNSEL TO DEFENDANTS

    William A. Harvey, Esq.
    Lisa A. Lori, Esq.
    **KLEHR, HARRISON, HARVEY, BRANZBURG, LLP**
    1835 Market Street, 14th Floor
    Philadelphia, PA 19103
    Telephone: (215) 568-6060

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy hereof has been served on this 15th day of September 2010 via facsimile as follows:

Michael P. Lynn, Esq.
Richard A. Smith, Esq.
Britta Erin Stanton, Esq.
Lynn Tillotson Pinker & Cox, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201

/s/ Arthur V. Lambert_____
Arthur V. Lambert