IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARVARD PROPERTY TRUST, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| JOHN CARDILLO, et al., | § | |
| | § | |
| Defendants. | § | Civil Action No. |
| | | |
| JOHN CARDILLO, DANIEL | § | 3:10-CV-1844-K |
| CHURCH, and RALPOH | § | |
| GIUGLIANO, | § | |
| | § | |
| Counter Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| HARVARD PROPERTY TRUST, | § | |
| LLC, BEHRINGER HARVARD | § | |
| HOLDINGS, LLC, BEHRINGER | § | |
| SECURITIES LP, and JEFFREY | § | |
| SCHWABER, | § | |
| | § | |
| Counter Defendant and | § | |
| Third Party Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff and Counter Defendant Harvard Property Trust LLC ("Harvard Property") and Third Party Defendants Behringer Harvard Holdings, LLC, Behringer Securities, LP, and Jeffrey Schwaber's ("Third Party Defendants") Motion to

Dismiss Counterclaims and Third Party Complaint in Favor of Arbitration (Doc. No. 51). The Court has considered the motion, the response, the reply, and the applicable law. Because this Court finds that Defendants and Counter Plaintiffs John Cardillo, Daniel Church, and Ralph Giugliano (collectively "the former employees") signed enforceable arbitration agreements with Harvard Property and the Third Party Defendants and that Harvard Property's original claims are not subject to mandatory arbitration, the motion is **GRANTED**. All counterclaims and third party claims asserted by the former employees in this case are hereby **DISMISSED**.

I.  **Background**

Harvard Property, based in Addison, Texas, is in the business of creating and managing financial instruments, including real estate investment trusts and other financial products. Harvard Property works with and through affiliated companies to sell these instruments to both individual and institutional investors around the country, a common structure for financial services companies. Harvard Property hires employees in various regions of the country to market and sell these products. Mr. Cardillo, Mr. Church, and Mr. Giugliano were employed by Harvard Property as external wholesalers in the New England, North Atlantic, and South Atlantic territories, respectively. As external wholesalers, or salesmen, they sold Harvard Property's products to investors in their regions.

As Harvard Property employees, Mr. Cardillo, Mr. Church, and Mr. Giugliano

were all required to sign employment agreements. These agreements, signed at different times by all three men in December 2009, included confidentiality and non-solicitation provisions. Generally, the non-solicitation agreements prohibited a former employee from recruiting, soliciting, hiring, or recommending other Harvard Property employees for one year after leaving the company. This type of clause is intended to curb the defection of multiple employees once a single one has left the company to take a new job. In addition to the non-solicitation agreements, all three employees also signed arbitration agreements in December 2009. The agreements require a three-step process of negotiation, non-binding mediation, and binding arbitration for "dispute[s] . . . that arise in connection with any matter relating to the Employee's employment by the Company . . . or any agreement relating to such employment . . . ."

In June 2010, Mr. Cardillo was recruited, while still a Harvard Property employee, to join Defendant FS² Capital Partners, LLC ("FS²") by The Primary Group, a headhunting firm. FS² is another financial services company based out of Philadelphia, Pennsylvania. In August 2010, both Mr. Giugliano and Mr. Church submitted their resignations to Harvard Property and joined FS². Harvard Property filed suit on August 10, 2010 in Texas state court, alleging breach of contract and tortious interference with the contracts of Mr. Cardillo, Mr. Church, and Mr. Giugliano, based on the non-solicitation and confidentiality agreements signed by the three former employees. The case was removed to federal court, and after this Court denied Defendants' motion to

dismiss, Defendants filed their answer and the former employees filed counterclaims against Harvard Property on February 14, 2011 and a third party complaint against the Third Party Defendants on February 17, 2011. The claims assert that Harvard Property and the Third Party Defendants misrepresented the stability, future share value, and future dividend payments of investments sold by Mr. Cardillo, Mr. Church, and Mr. Giugliano to the former employees in May 2010. The former employees argue these misrepresentations caused them harm because they relied on these misrepresentations and thereby lost commissions on sales when the misrepresentations came to light and the former employees' reputations with their customers were damaged. Harvard Property and the Third Party Defendants' motion to dismiss the former employee's counterclaims and third party claims in favor of arbitration was filed March 11, 2011.

## II. Legal Standards for a Motion to Compel Arbitration

When considering a motion to compel arbitration, a court must decide: (1) whether an arbitration agreement is valid and (2) whether the dispute falls within the scope of the agreement. *Agere Sys. Inc. v. Samsung Elec. Co. Ltd.*, 560 F.3d 337, 339 (5th Cir. 2009). To evaluate the enforceability of an arbitration agreement, courts apply the contract law of the state that governs the agreement, *Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004)(citation omitted), whereas the scope of the agreement is a matter of federal substantive law. *Graves v. BP America, Inc.*, 568 F.3d 221, 222–23 (5th Cir. 2009). If a valid arbitration agreement exists, the district court

has no discretion to decline to enforce the agreement and must direct the parties to arbitration. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

III. Analysis

The parties agree that a valid arbitration agreement exists. It is also undisputed that the former employees' counterclaims and third party claims fall within the scope of that agreement. Therefore, absent other circumstances which affect the enforceability of the agreement, the former employees' claims should be sent to arbitration.

The former employees argue that Harvard Property's original claims, for breach of contract and tortious interference with contract related to the non-solicitation and confidentiality agreements, are related arbitrable claims and that Harvard Property and the Third Party Defendants have waived their right to arbitrate by litigating the original claims since August 2010. A party may waive its right to arbitrate when it substantially invokes the judicial process to the detriment or prejudice of the other party. *In re Mirant Corp.*, 613 F.3d 584, 588 (5th Cir. 2010). A party "substantially invokes the judicial process" when it engages in some overt act in court that evinces a desire to settle the arbitrable dispute through litigation rather than arbitration. *Id*. at 589.

Harvard Property and the Third Party Defendants respond that Harvard Property's original claims are not subject to the arbitration agreement, and therefore its actions in court cannot form the basis for waiver of its right to arbitrate the former employees' counterclaims and third party claims. Alternatively, Harvard Property and

the Third Party Defendants assert that, even if Harvard Property's original claims are arbitrable, the former employees cannot prove a waiver of the right to arbitrate because the original claims are not related to the former employees' counterclaims and the former employees have not demonstrated prejudice. The first step in this Court's analysis must be to decide if Harvard Property's original claims are subject to arbitration.

> **A. Harvard Property's original claims do not fall within the scope of the mandatory arbitration agreement.**

As stated, the arbitration agreement covers all disputes between Harvard Property and its employees that arise in connection with any matter relating to the employee's employment or any agreement relating to such employment. Pl. App. at 1. Harvard Property's original claims for breach of contract and tortious interference with contract clearly qualify: Harvard Property brought suit based upon the non-solicitation agreements signed by the former employees while all three were employed by Harvard Property. In response, Harvard Property points to the language of the arbitration agreement:

> "**Exclusions from Arbitration**
>
> The following claims are excluded from the requirement of mandatory arbitration: . . . (iv) <u>claims by the Company for injunctive relief</u> to protect Company personnel or property rights, or to enjoin the breach of a legal or contractual duty by the current or former Employee to the Company . . . ."

Pl. App. at 2 (emphasis added). Harvard Property's original petition states the company is seeking injunctive relief, which removes its claims from the requirement of mandatory

arbitration. Doc. No. 1, Exh. 1 at 9. Harvard Property has elected to pursue its claims for injunctive relief in court.

However, Harvard Property also seeks monetary damages, which are not covered by the exclusion. *Compare* Pl. App. at 2 *with* Doc. No. 1, Exh. 1 at 16. Harvard Property argues the law in this circuit discourages "claim splitting," the practice of prosecuting a case piecemeal in multiple suits, *Ameritox, Ltd. v. Aegis Sci. Corp.*, No. 3:08-CV-1168-D, 2009 WL 305874, *4 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.), meaning Harvard Property may not proceed in two separate forums. In its original petition in Texas state court, Harvard Property sought injunctive relief to prohibit further breaches of the former employees' confidentiality and non-solicitation agreements, which are also the source of Harvard Property's request for damages. Essentially, Harvard Property is pursuing two remedies for the same causes of action, one remedy which is specifically exempted from arbitration and one that is not. Even considering the strong federal policy in favor of arbitration, *Jones v. Halliburton Co.*, 583 F.3d 228, 235 (5th Cir. 2009), it would be illogical to split the same causes of action between two forums, retaining Harvard Property's request for injunctive relief in court while referring its claims for damages to arbitration. The arbitrator would be asked to pass on the merits of those causes of action at the same time this Court is considering them. The inefficiency of such a process and the risk of inconsistent results are primary reasons for avoiding claim-splitting. *See AMX Envtl. Evolution, Ltd. v. Carroll Fulmer Logistics Corp.*, 3:08-CV-908-G,

2009 WL 972994, *4 (N.D. Tex. Apr. 9, 2009) (Fish, J.). Because this Court will keep the claims for damages along with the claim for injunctive relief to avoid splitting Harvard Property's claims between two forums, Harvard Property's claims for damages are not subject to mandatory arbitration.

      **B.**      **Harvard Property's original claims are not related to the former employees' claims.**

Even if Harvard Property's original claims are subject to mandatory arbitration, which they are not, they are not related to the former employees' counterclaims and third party claims. Waiver only occurs if a party substantially invokes the judicial process by demonstrating a desire to resolve an arbitrable dispute. *In re Mirant Corp.*, 613 F.3d at 589. Harvard Property's claims arise from the former employees' departure to FS[2] and the circumstances regarding their recruitment. The former employees' claims arise from actions allegedly taken by Harvard Property and the Third Party Defendants while the former employees still worked for Harvard Property in May 2010. The former employees' claims are properly joined as permissive counterclaims to this suit simply because they involve the same parties as Harvard Property's original claims. *See* FED. R. CIV. P. 13(b).

This means Harvard Property's actions up to this point, including all pretrial activities, are not attributable to the former employees' claims, which were asserted for the first time on February 14, 2011. There was nothing filed by Harvard Property with this Court, save for a certificate of interested persons, from the time the former

-8-

employees asserted their counterclaims until this motion to dismiss on March 11, 2011. There have been no actions by Harvard Property "seeking a decision on the merits" regarding the former employees' claims, which is required for a party to waive its right to arbitrate. *Petroleum Pipe Americas Corp. v. Jindal Saw, Ltd.*, 575 F.3d 476, 480 (5th Cir. 2009). Therefore, even if Harvard Property's original claims are subject to mandatory arbitration, its actions in pursuing its original claims are not grounds for waiver of its right to arbitrate the former employees' claims because the original claims are unrelated to the former employees' claims and Harvard Property did not substantially invoke the judicial process to resolve the former employees' claims.

> C. **Even if Harvard Property's original claims are subject to mandatory arbitration and related, the former employees have not demonstrated prejudice.**

Even if the former employees prove that Harvard Property's original claims are subject to mandatory arbitration and are related, which they have not, the former employees must still show they have suffered prejudice for Harvard Property to have waived its right to arbitration. *Mirant*, 613 F.3d at 588. "There is a strong presumption against finding a waiver of arbitration . . . ." *Id*. (citation omitted). Three factors are considered when determining if the party opposing arbitration has suffered prejudice: (1) the extent to which discovery was directed at arbitrable claims; (2) the time and expense incurred in defense of a motion for summary judgment; and (3) whether or not the right to arbitrate was timely asserted. *Republic Ins. Co. v. PAICO Receivables, LLC.*,

383 F.3d 341, 346 (5th Cir. 2004). "[D]iscovery relating to non-arbitrable claims is not prejudicial . . . ." *Id*.

Assuming Harvard Property's original claims are subject to mandatory arbitration, there have been eight depositions taken, two discovery requests which have produced 500 pages of documents, and one motion to dismiss filed by the Defendants, which totaled over $166,000 in legal fees. Harvard Property argues the former employees have not separated discovery related to allegedly arbitrable claims from discovery related to non-arbitrable claims and that the former employees have lumped other defendants' costs and activities together with their own. The other defendants in Harvard Property's original claims, FS², Patrick Smith, and John Shain, were not parties to the arbitration agreement. Harvard Property asserts the other defendants' discovery costs have not been separated from the ones incurred by the former employees. Harvard Property also argues discovery related to jurisdictional questions and Harvard Property's request for an injunction would have occurred whether or not any allegedly arbitrable claims were asserted. There has been no motion for summary judgment filed and Harvard Property filed a motion to dismiss in favor of arbitration twenty-five days after the former employees filed their counterclaims and third party complaint. The second and third factors weigh against a finding of prejudice.

The former employees have made no effort to distinguish between legal expenses and discovery activities related to claims which are not subject to mandatory arbitration

from ones that are, and neither of the other two factors that would indicate prejudice are present in this case. The Court finds that the former employees have not made a sufficient showing that they suffered prejudice because Harvard Property filed its allegedly arbitrable claims in court instead of proceeding directly to arbitration.

IV. Conclusion

The former employees concede an arbitration agreement exists and that their claims fall within the scope of that agreement. Therefore, this Court finds that the former employees' counterclaims and third party complaint are subject to arbitration. The Court further finds that Harvard Property's claims are not subject to mandatory arbitration, and even if Harvard Property's original claims are subject to mandatory arbitration, the original claims and the former employees' claims are unrelated and the former employees have not demonstrated prejudice such that Harvard Property waived its right to arbitrate.

**SO ORDERED**.

Signed May 6th, 2011.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE